**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TRUTH AL HAQQ AL-XI ALI, et al., | : : : | |
| Petitioners, | : : | Civil No. 13-2940 (JBS) |
| v. | : : | |
| CAMDEN COUNTY DEPARTMENT OF CORRECTIONS, et al., | : : : : | OPINION |
| Respondents. | : : | |

**SIMANDLE, Chief Judge**

Petitioners filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on behalf of QuinzEl Terron Eloah Akil-Bey, challenging Akil-Bey's confinement in state custody. For the following reasons, this Court will dismiss the petition.[1]

---

[1] Petitioners neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed *in forma pauperis* ("IFP"). An incomplete application for IFP status was submitted by Quinzelle Bey (Docket Item 1-1). Thus, the petition is subject to administrative termination for failure to pay the filing fee. Further, this Court notes that under the "next friend" doctrine, standing is allowed to a third person to file and pursue a claim on behalf of someone who is unable to do so. *See Whitmore v. Arkansas*, 495 U.S. 149, 154–55 (1990). Here, Petitioners do not assert their basis for standing. Nevertheless, the petition is meritless and will be dismissed.

**BACKGROUND**

On May 10, 2013, Petitioners Truth Al Haqq Al-Xi Ali, Princebadi Ali Ajamu-Bey, Cynthia English El-Bey, Honesti Ali, Sekou Menelik El, and Princehadi Ajamu Bey ("Petitioners") filed a document labeled "Emergency Petition for Constitutional Writ of Habeas Corpus Affidavit in Support and Demand for Due Process of Law." The Clerk of the Court docketed the petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Docket Item 1).

In the IFP application, Petitioner is listed as "Moorish National Republic" and states that the nature of the petition is to "demand release of kidnapped Moorish National." (Docket Item 1-1, Caption and ¶ 2). Likewise, in the petition, Petitioners argue that QuinzEl Terron Eloah Akil-Bey was arrested by the Camden County Sheriff's Department and detained at the Correctional Facility. They argue that Akil-Bey's rights were violated during the criminal process in that there was no lawful indictment and no due process. (Docket Item 1 at p. 3). As a "Moorish National of the Moorish National Republic Federal Government," they argue that the court has no jurisdiction over Akil-Bey. (*Id.* at p. 6).

**DISCUSSION**

**A. Legal Standard**

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. *See* 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Rule 1(b). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 accordingly requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

**B. Analysis**

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pre-trial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410

U.S. 484 (1973); *Mokone v. Fenton*, 710 F.2d 998, 999 (3d Cir. 1983); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975).

Petitioners ask this Court to grant pre-trial habeas relief to Akil-Bey based on grounds related to his arrest and state pre-trial proceedings thus far. The problem with the petition is that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Indeed, "for purposes of pre-trial habeas relief ... a denial of speedy trial alone, and without more, does not constitute an 'extraordinary circumstance'" warranting habeas relief. *See Moore*, 515 F.2d at 448. Moreover, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), forbids federal court interference in pending state criminal proceedings. As the Supreme Court explained over 100 years ago,

> We are of the opinion that while the ... court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The

> injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

*Ex parte Royall*, 117 U.S. at 251.

The proper procedure for Akil-Bey to challenge his confinement is to personally exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present the exhausted grounds to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Moore*, 515 F.2d at 449. As the Third Circuit observed in regard to a pretrial § 2241 petition asserting violation of the right to a speedy trial,

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

*Moore*, 515 F.2d at 449; *see also United States v. Castor*, 937 F.2d 293, 296-297 (7th Cir. 1991); *Dickerson v. State of*

5

*Louisiana*, 816 F.2d 220, 225-227 (5th Cir. 1987); *Atkins v. State of Michigan*, 644 F.2d 543, 545-547 (6th Cir. 1981); *Carden v. State of Montana*, 626 F.2d 82 (9th Cir. 1980). As exceptional circumstances of peculiar urgency do not exist in this case, Petitioner is not entitled to a pretrial Writ of Habeas Corpus and this Court will summarily dismiss the petition.

### CERTIFICATE OF APPEALABILITY

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

### CONCLUSION

Based on the foregoing, this Court will dismiss the petition without prejudice and deny a certificate of appealability.

                                  **s/ Jerome B. Simandle**
                                  JEROME B. SIMANDLE, Chief Judge
                                  United States District Court

Dated:   **May 12, 2014**